UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06-cr-0344-RLH-PAL |
| ) | |
| vs. ) | **O R D E R** |
| ) | (Motion for Judicial Review–#91) |
| HAROLD HOLMES, Jr., ) | (Motion to Correction of Sentence–#93) |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court are two Motions by Defendant: (1) Motion for Judicial Review (#91, filed March 11, 2010), and (2) Motion to Correction [sic] of Sentence (#93, filed November 17, 2010). They will be addressed seriatim below.

Defendant's Motion for Judicial Review (#91) asks the Court to invalidate the Plea Agreement because of alleged activities of Assistant Federal Public Defender Richard Frankoff. These allegations were addressed and disposed of in this Court's Order (#73) denying Holmes' Motion to Vacate and Set Aside Conviction (#64). This Court's Order (#73) was appealed and the appeal denied. Thereafter, the Clerk was ordered to strike further motions by Holmes because previous motions were frivolous, spurious, and without merit. (See Order #92.) At any rate, the issues raised here have previously rejected because pursuant to a negotiated plea agreement, Holmes entered a guilty plea to a superseding information charging him with one count of money laundering. During the plea colloquy,

1

Defendant Holmes admitted, under oath, to certain facts, including the fact that one of the victims of his criminal acts was vulnerable victim, that he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, and that he knew that the currency he used to commit the crime represented the proceeds of prostitution, a specified unlawful activity. He further admitted to and agreed to the applicable guideline calculations. He, under oath, assured the Court that he freely and voluntarily entered the plea, and waived his right to appeal his sentence. Also, under oath, he admitted that he had read the plea agreement, understood it, and signed it.

He cannot now renege on the Plea Agreement he voluntarily and knowingly signed. The Motion for Judicial Review will be denied.

Defendant Holmes' Motion to Correction [sic] of Sentence (#93) constitutes a second motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct a sentence by a person in federal custody. The first motion is reflected in document #64 and was denied in document #73, on March 26, 2009. This Order (#73) was appealed and the appeal denied, as well as the request for a certificate of appealability, by order of the Ninth Circuit Court of Appeals (#86) on August 6, 2009.

Section 2255 (f) establishes a one-year statute of limitations on motions pursuant to that section. The Ninth Circuit's Order Dismissing Appeal in the first instance was filed July 21, 2008, more than two years ago.

Section 2255 (h) requires that a second or successive motion [under this section] must be certified and approved by the Circuit Court of Appeals before filing the motion, which was not done. Accordingly, the Motion to Correction of Sentence (#93) shall be dismissed as a second or successive §2255 motion filed without Circuit certification, and shall be stricken from the record pursuant to this Court's Order (#92) filed March 12, 2010.

IT IS THEREFORE ORDERED that Defendant Holmes' Motion for Judicial Review (#91) is DENIED as moot.

////

////

      IT IS FURTHER ORDERED that Defendant Holmes' Motion to Correction of Sentence (#93) is DENIED and STRICKEN.

      Dated: November 22, 2010.

                                                           _____
                                                           **Roger L. Hunt**
                                                           **Chief United States District Judge**